Richard P. Haber. Esq. – RH9456
MCCALLA RAYMER LEIBERT PIERCE, LLC
485 U.S. Highway 1 South
Bldg. F, Suite 300
Iselin, NJ 08830
P: 732-902-5399
F: 732-902-5398
*Attorneys for Plaintiff,*
*JPMorgan Chase Bank, National Association*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>VINCENT ROGGIO,<br><br>Defendant. | Case No. 19-cv-6330<br><br>Civil Action<br><br>**COMPLAINT** |

Plaintiff, JPMorgan Chase Bank, National Association, for its cause of action against Defendant, Vincent Roggio, hereby states:

### NATURE OF THE CASE

1. This is an action seeking judgment for the deficiency balance owed on a note, post-foreclosure of the related mortgage, pursuant to N.J.S.A. 2A:50-2.

### PARTIES

2. Plaintiff, JPMorgan Chase Bank, National Association ("Chase") is a national banking association and has designated Columbus, Ohio, as the location of its main office in its articles of association. Therefore, pursuant to 28 U.S.C. § 1348 and *Wachovia Bank, N.A. v.*

*Schmidt*, 546 U.S. 303 (2006), and for purposes of 28 U.S.C. § 1332(a), Chase is a citizen of the State of Ohio. Chase is the owner and holder of the note at issue herein.

3.   Defendant, Vincent Roggio ("Roggio") is an individual residing at 140 Rumson Road, Rumson, New Jersey 07760. For purposes of 28 U.S.C. § 1332(a), Roggio is a citizen of the State of New Jersey. Roggio is the borrower and obligor in connection with the note at issue herein.

## JURISDICTION AND VENUE

4.   Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and there is diversity of citizenship between Chase, a citizen of the State of Ohio, and Roggio, a citizen of the State of New Jersey. *See* ¶¶ 2-3, *supra*, as to citizenship of the parties and ¶¶ 17-20, *infra*, as to amount in controversy.

5.   Venue is appropriate in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(1) because Roggio, the sole defendant in this action, resides in the State of New Jersey.

6.   Venue is further appropriate in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because the real property that underlies this matter is situated in Monmouth County, New Jersey, and because a substantial part of the events or omissions giving rise to Chase's claim occurred in Monmouth County, New Jersey.

## COUNT ONE – FOR DEFICIENCY ON NOTE

7.   Chase is the owner and holder of a certain note made by Roggio on April 25, 2005, with an original unpaid principal balance of $3,300,000.00, together with interest as provided for in the note (the "Note").

8.   To secure payment of Note, Roggio, along with his wife Callie Lasch-Roggio[1] (collectively, the "Mortgagors"), executed a certain mortgage on April 25, 2005, which was

---

[1] Callie Lasch-Roggio is not obligated on the Note and therefore is not named as a defendant in this action.

recorded on June 10, 2005 in the Monmouth County Clerk's Office, in Book OR-8468, Page 5577, as Instrument No. 2005090096 (the "Mortgage").

9. By granting the Mortgage to secure repayment of the Note, the Mortgagors pledged as collateral that certain real property situated in the Borough of Rumson, County of Monmouth and State of New Jersey, commonly known as 140 Rumson Road, Rumson, New Jersey 07760, which is also known as Lot 18, Block 88 on the Borough of Rumson Tax Map (the "Mortgaged Premises" or the "Property"). The legal description of the Property is set forth in the Mortgage as follows:

> BEGINNING at the intersection of the Northerly line of Rumson Road with the Easterly line of Buena Vista Avenue being the Southwest corner of the whole tract of which the hereinafter described tract of land is a part; thence
>
> (1) Along the Easterly line of said Buena Vista Avenue, North 25 degrees 33 minutes West, 394.78 feet to land now or formerly of Madeline C. Lafon; thence
>
> (2) Along said land now or formerly of said Madelene C. Lafon, North 68 degrees East, 387.17 feet to a point; thence
>
> (3) South 22 degrees East 9.97 feet to a point; thence
>
> (4) South 24 degrees 37 minutes East, 378.07 feet to a point in the Northerly line of said Rumson Road; thence
>
> (5) Southwesterly along the Northerly line of said Rumson Road, 380 feet to the point or place of BEGINNING.

10. The Note was originally made payable to Washington Mutual Bank, FA ("WaMu") and the Mortgage was originally granted to WaMu. Chase is successor-in-interest to WaMu in connection with the Note and Mortgage by purchase from the Federal Deposit Insurance Corporation as Receiver for Washington Mutual Bank f/k/a Washington Mutual Bank, FA ("WaMu").

11. The final judgment entered for Chase's benefit in the mortgage foreclosure action adjudicated that the sum due was $6,169,701.07, together with lawful interest from November 30, 2017, plus costs that were taxed in the foreclosure action.

12. The final judgment further ordered that a writ of execution be issued to the Sheriff of Monmouth County, commanding the Sheriff to make sale of the Mortgaged Premises to raise and satisfy the aforesaid sum, together with interest and taxed costs in the sum of $8,915.00.

13. On November 19, 2018, the Sheriff of Monmouth County, by virtue of the aforementioned writ of execution, duly sold the Mortgaged Premises at a public sale to the highest bidder, Chase, for $1,000.00.

14. After overruling the Mortgagors' objection to the sale, the Superior Court of New Jersey entered an order on December 27, 2018 approving and confirming the sale.

15. This action is timely because it has been "commenced within 3 months…from the date of the confirmation of the sale of the mortgaged premises" as required by N.J.S.A. 2A:50-2.

16. This action is further timely pursuant to N.J.S.A. 2A:50-2.1.

17. Pursuant to the Foreclosure Report of Sale filed in the Superior Court of New Jersey by the Sheriff of Monmouth County on January 15, 2019 and January 29, 2019[2] the total deficiency post-sale is $6,327,508.50, calculated as follows:

| | | |
|---|---|---|
| GRAND TOTAL OF DECREE: | $ | 6,327,443.54 |
| SHERIFF'S FEES: | $ | 1,064.96 |
| | $ | 6,328,508.50 |
| PROPERTY SOLD FOR: | $ | 1,000.00 |
| LESS LATE FEES: | $ | - |
| DEFICIENCY: | $ | (6,327,508.50) |

---

[2] For reasons unknown, the Sheriff filed the Foreclosure Report of Sale twice, two weeks apart. The stated deficiency amount in both reports is the same, and we assume that the second filing was inadvertent.

18. Accordingly, there remains a balance owed on the foreclosure judgment in the sum of $6,327,508.50, plus interest, minus the "fair market value" credit that Roggio is entitled to because Chase is now the owner of the Mortgaged Premises and intends to sell the Property and apply the proceeds against the balance owed on the Note pursuant to the foreclosure judgment.

19. At an appropriate time in these proceedings, Chase will offer proof to establish the amount of the fair market value credit that Roggio is entitled to. Based on the most recent appraisal it received, which valued the Mortgaged Premises as of July 24, 2018, Chase estimates that the value of the Property (and thus the amount of the credit) is approximately $2,395,000.00.

20. Accordingly, Chase anticipates that the amount of the deficiency judgment to be awarded in this matter will exceed $3.9 million (*i.e.*, $6,327,508.50 minus $2,395,000.00).

21. Pursuant to N.J.S.A. 2A:50-6 and -7, prior to the commencement of this action, on or about February 14, 2019, Chase sent written notice of its intention to file this action to the Office of the Monmouth County Clerk, the county in which the Mortgaged Premises is situated, for filing in its book of lis pendens (the "Notice of Intention"). The Notice of Intention sets forth the name and venue of the court in which it was anticipated that this action would be instituted, the holder of the Note and Mortgage in the proposed action, the book and page numbers of the Mortgage, and a full and complete description of the Mortgaged Premises.

WHEREFORE, Plaintiff, JPMorgan Chase Bank, National Association, hereby demands judgment against Defendant, Vincent Roggio, as follows:

      (a) for compensatory damages based on the deficiency amount;

      (b) for interest, including pre-judgment interest;

      (c) for costs of suit;

      (d) for reasonable attorneys' fees; and

    (e) for such other and further relief as to the Court deems just and equitable.

Dated: February 20, 2019         _____
                    Richard P. Haber, Esq.
                    McCalla Raymer Leibert Pierce, LLC
                    *Attorneys for Plaintiff,*
                    *JPMorgan Chase Bank, National Association*