**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, <br><br>             Plaintiff, <br><br>             v. <br><br> VINCENT ROGGIO, <br><br>             Defendants. | Civ. A. No. 3:19-cv-06330 (GC) (TJB) <br><br> **MEMORANDUM ORDER** |

**CASTNER, District Judge**

   **THIS MATTER** comes before the Court upon JPMorgan Chase Bank, National Association's ("Plaintiff") Motion for Declaration as to Redemption Right (*See* Mot., ECF No. 96) from October 18, 2021.  Vincent Roggio ("Defendant") filed his opposition on November 2, 2021. (*See* Def.'s Opp'n, ECF No. 99.) Plaintiff filed their reply on November 9, 2021. (*See* Pl.'s Reply, ECF No. 101.)

   The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).  For the reasons set forth herein, and good cause shown, the Court hereby grants Plaintiff's Motion for Declaration as to Redemption Right. (ECF No. 96.)

## I.      BACKGROUND

In April 2005, Defendant executed a $3.3 million loan from Washington Mutual Bank ("WaMu") and pledged his real property at 140 Rumson Road, Rumson, New Jersey 07760 (hereinafter, the "Property") as collateral. (Compl. ¶ 9, ECF No. 1.) Defendant failed to make his monthly payment on the Property, and WaMu filed a foreclosure action against him in the Superior Court of New Jersey on June 21, 2006. (*See* Decl. of Brian P. Scibetta ("Scibetta Decl."), Ex. 1, ECF No. 96-1.) A final judgment was entered in the same court in 2018, which declared Defendant owed $6,169,701.07 plus interest and costs that were taxed in the Foreclosure Action. (*Id.* at Ex. 2.) The Property was then sold by the Sheriff of Monmouth County to Plaintiff for $1,000 during a public foreclosure sale (*id.* at Ex. 5) and confirmed by a court Order on December 21, 2018 (*id.* at Ex. 3). Plaintiff filed a deficiency claim in this Court on February 20, 2019. (*See generally* Compl., ECF No. 1.)   Defendant filed his Amended Answer, Affirmative Defenses, and Counterclaim on April 17, 2020, where he denied the paragraphs in the Complaint containing Plaintiff's alleged deficiency amount and calculation. (Compl. ¶¶ 11, 13, 20, ECF No. 1; Am. Answer ¶¶ 5, 7, 14, ECF No. 29.)   As a result, Plaintiff filed the instant motion seeking a declaration to terminate Defendant's right to redeem the Property under N.J. Stat. Ann. § 2A:50-5 as Plaintiff claims Defendant has disputed the amount of the deficiency in contravention of this statute.

## II.     LEGAL STANDARD

New Jersey law mandates that a mortgage borrower has ten days after a foreclosure sale to "redeem" the foreclosed property. N.J. Ct. R. 4:65-5; *see also Hardyston Nat. Bank of Hamburg, N. J. v. Tartamella*, 267 A.2d 495, 498 (1970). The redemption period then lasts until "the sale is confirmed by an order if an objection to the sale is filed." *Tartamella*, 267 A.2d at 497. If the

original redemption period runs out, the redemption right is revived when a party brings a deficiency claim against the borrower. N.J. Stat. Ann. § 2A:50-4.  The redemption action must be brought within six months "after the entry of a judgement for the balance of the debt."  *Id.* However, "where the party or parties liable for such deficiency shall have answered disputing the amount of the deficiency ... the effect of such answer shall be to terminate any right to redeem from foreclosure ...  and the recovery for the deficiency shall not open the foreclosure and sale of the premises...." N.J. Stat. Ann. § 2A:50-5.

III.    **DISCUSSION**

As mentioned above, the foreclosure sale was confirmed by a court Order on December 21, 2018. (*See* Scibetta Decl., Ex. 3, ECF No. 96-4.) Plaintiff then filed this deficiency claim on February 20, 2019, within six months of the entry of the "judgement for the balance of the debt." (*See generally* Compl., ECF No. 1); N.J. Stat. Ann. § 2A:50-4.  Under N.J. Stat. Ann. § 2A:50-4, Defendant's redemption right was revived upon the filing of the complaint.  However, the Court finds that Defendant disputed the amount of the deficiency.  Pursuant to N.J. Stat. Ann. § 2A:50-5, Defendant's right to redeem the Property is hereby terminated.

Specifically, Plaintiff's Complaint alleges that a final judgement was entered in the sum of $6,169,701.07, the Property was sold for $1,000 to the highest bidder, Plaintiff, and that Plaintiff expects the deficiency judgement to be around $3.9 million.  (Compl. ¶¶ 11, 13, 20, ECF No. 1.) Defendant then filed an Amended Answer, Affirmative Defenses, and Counterclaim on April 17, 2020, which in part denied these three allegations.  (Am. Answer ¶¶ 5, 7, 14, ECF No. 29.)  As a result, the Defendant disputes the deficiency amount, and therefore, Defendant's right to redeem the property from the foreclosure shall be terminated. N.J. Stat. Ann. § 2A:50-5.

## IV.     CONCLUSION & ORDER

For the reasons set forth herein, and other good cause shown,

**IT IS** on this 26th day of January, 2023

**ORDERED** that Plaintiff's Motion for Declaration as to Redemption Right (ECF No. 96) is hereby **GRANTED**; and it is further

**ORDERED** that Defendant's right of redemption as to the real property located at 140 Rumson Road, Rumson, New Jersey 07760 (the "Property") is hereby **TERMINATED** pursuant to N.J. Stat. Ann. § 2A:50-5.

*/s Georgette Castner*

**Dated**: January 26, 2023

**GEORGETTE CASTNER**
**United States District Judge**